IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CHRISTOPHER OATEY,

    Plaintiff,                    No. CIV S-03-2006 LKK JFM P

    vs.

CALIFORNIA DEPARTMENT
OF CORRECTIONS, et al.,

    Defendants.               <u>ORDER</u>

        Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims that he was subjected to conditions that violated his constitutional rights under the Eighth and Fourteenth Amendments during an institutional lockdown on December 31, 2002. On April 19, 2005, plaintiff filed a motion to compel production of documents and renewed his motion for appointment of counsel.

I. Motion to Compel Production of Documents

        On October 3, 2004, plaintiff served a second request for production of documents on defendants. Defendants were granted two extensions of time to respond, and served their responses to the second request on January 3, 2005. Plaintiff, unhappy with defendants' responses and objections to the second request, re-stated nineteen of the requests in his third request for production served on defendants on or about January 24, 2005. On or about March 10, 2005, defendants served their responses to plaintiff's third request for production of

documents. Plaintiff seeks further answers to five discovery requests contained in the third request for production of documents:

> 1. Production of Documents Request No. 1: "All grievances filed against High Desert State Prison staff dating back to 1998, inclusive, and extending up to 2002, inclusive."
>
> 2. Production of Documents Request No. 2: "All grievances filed against Defendants of this action dating back to 1998, and extending up to 2002, inclusive."
>
> 3. Production of Documents Request No. 6: "Regarding actions taken against inmates between December 30, 2002, and January 2003, responsive to a possible threat against prison staff, provide all the grievances filed by inmates against those actions."
>
> 4. Production of Documents Request No. 7: "All initial and supplemental investigation reports created in connection to the possible threat against staff discovered on or about December 30, 2002."
>
> 5. Production of Documents Request No. 8: "The IA Investigation re: Baillie, Log No #N-HDSP-018-03."

Id.

Defendants objected to these requests on the grounds that they were duplicative of requests in plaintiff's second request for production of documents; that they were overly broad; and that they called for information not relevant to this litigation nor were they likely to lead to discovery of admissible evidence. Defendants argued that Officer Baillie and the other inmates' right to privacy outweighed plaintiff's need for this information. Defendants also contended that the investigative reports are privileged. Defendants provided a Privilege Log for certain documents responsive to requests 1, 2 and 7.

Defendants' objections to requests 1, 2 and 6 are well-taken. Accordingly, no further response to requests 1, 2 and 6 will be required.

However, it appears that requests 7 and 8 may bear relevance to the instant action. Defendants' privilege log reflects that although HDSP Operational Procedures 101 and 104 are

/////

responsive to request 7, these documents are confidential and their release would jeopardize the safety and security of the institution. Defendants' position is well-taken and defendants are not required to release HDSP Operational Procedures 101 and 104.

However, with regard to request 8, to the extent that investigative documents exist relevant to the investigation surrounding the allegedly false threat which resulted in the relocation of 151 black inmates from their cells on December 31, 2002, or relevant to personnel actions taken as a result of the allegedly false threat, that defendants have not previously produced, defendants will be required to submit them to the court for *in camera* review. Good cause appearing, defendants will be required to submit any investigative documents responsive to requests numbered 7 and 8, as defined herein, to the chambers of the undersigned for *in camera* review. In all other respects, plaintiff's motion to compel will be denied.

II. Motion for Appointment of Counsel

Plaintiff has filed a second request for the appointment of counsel. The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). In the present case, the court does not find the required exceptional circumstances. Plaintiff's request for the appointment of counsel will therefore be denied.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's April 19, 2005 motion to compel is partially granted; within twenty days from the date of this order, defendants shall submit any documents responsive to requests numbered 7 and 8, as refined above, to the chambers of the undersigned for *in camera* review. In all other respects, plaintiff's motion to compel is denied.

/////

      2. Plaintiff's April 19, 2005 request for the appointment of counsel is denied.

DATED: June 8, 2005.

_____
UNITED STATES MAGISTRATE JUDGE

/001
oate2006.mtc