IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CHRISTOPHER OATEY,

      Plaintiff,                    No. CIV S-03-2006 LKK JFM P

    vs.

CALIFORNIA DEPARTMENT
OF CORRECTIONS, et al.,

      Defendants.              ORDER

_____/

          Plaintiff is a state prisoner proceeding pro se and in forma pauperis with an action filed pursuant to 42 U.S.C. § 1983. This action is proceeding on plaintiff's November 29, 2004 third amended complaint. On December 29, 2005, plaintiff filed a document entitled "Motion for Order Granting Temporary Restraining Order and Preliminary Injunction." (Docket No. 105.) However, the essence of plaintiff's motion is that defendants violated this court's October 11, 2005 protective order.[1] The court construes plaintiff's motion as a motion for sanctions for defendants' alleged violation of the October 11, 2005 protective order. Plaintiff seeks an order forbidding defendants and CDC employees from compromising the privacy of case-sensitive

---

[1] "Any notes plaintiff chooses to take shall be for his eyes only and shall not be reviewed by opposing counsel or any employees of the California Department of Corrections."

1

material and from handling legal material outside plaintiff's presence.  On January 3, 2006, the court issued a briefing notice on plaintiff's motion.  Defendants' opposition was due not more than 21 days after the date of the notice.  That date has passed and defendants have not filed an opposition.

After holding a telephonic status conference, counsel for defendants was directed, by order filed March 1, 2006, to file a declaration addressing the December 14, 2005 search of plaintiff's cell.  Counsel was directed to file the declaration under seal and the court would review the document *in camera*.  The court now turns to plaintiff's motion.

Plaintiff contends he has been injured because correctional officers read his legal materials, particularly information he had obtained during a document review in violation of this court's October 11, 2005 protective order.[2]  Plaintiff has filed an affidavit in which he declares that when two correctional officers approached his cell for a random cell search, plaintiff showed them the protective order.  (Affidavit at 1.)  Plaintiff states Officer Maces read the order and then "expressed his refusal to recognize the order's details and that he would look through all matter within the cell, including material plaintiff claims to be legal."  (Id. at 1-2.)  These officers then ordered plaintiff to wait outside the view of the cell.  (Id. at 2.)  Plaintiff declares the search lasted for 55 minutes until Building Unit Sgt. Bonales approached and asked plaintiff why he was outside his cell during a state of lockdown.  (Id. at 2.)  Plaintiff states he explained the situation and showed Sgt. Bonales the protective order.  (Id.)  Plaintiff states Sgt. Bonales escorted plaintiff in view of the cell and then the sergeant "spoke quietly" to the two officers and the cell search ended.  (Id.)  Plaintiff declares that upon his return to the cell he noted the "disarray and, specifically, to substantial amounts of legal material clearly handled by the officers."  (Id.)  Plaintiff states the sergeant "indicated he would contact the prison's Litigation Coordinator about the breach."  (Id.)

---

[2] "Any notes plaintiff chooses to take shall be for his eyes only and shall not be reviewed by opposing counsel or any employees of the California Department of Corrections."

1        The court has performed the *in camera* review.  Based on that review, the court

2 finds that defendants did not violate the October 11, 2005 protective order and will deny

3 plaintiff's motion for the imposition of sanctions.  Defendants provided a legitimate penological

4 reason for searching plaintiff's cell.

5        Accordingly, IT IS HEREBY ORDERED that plaintiff's December 29, 2005

6 motion is denied without prejudice.

7 DATED:  May 4, 2006.

                           UNITED STATES MAGISTRATE JUDGE

11 /001; oate2006.tro