IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CHRISTOPHER OATEY,

    Plaintiff,               No. CIV S-03-2006 LKK JFM P

    vs.

CALIFORNIA DEPARTMENT
OF CORRECTIONS, et al.,

    Defendants.          <u>ORDER</u>

_____/

    Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff's third amended complaint alleges defendants subjected him to cruel and unusual punishment and failed to protect him from cruel and unusual punishment in violation of the Eighth Amendment (claim one) and that defendants subjected him to atypical prison conditions based on race-based animus in violation of the 14th Amendment (claim two).[1]

    Upon review of the file and good cause appearing therefor, the court finds as follows:

---

[1] Specifically, plaintiff alleges that on or about December 21, 2002, correctional officer Baillie falsified a threat which resulted in a number of black inmates being strip searched, then dressed in boxers, T-shirts and flip-flops, and hands handcuffed tightly behind their backs, then shepherded en mass first to the shower area (held for 2 hours), then to the dining area (held for 3.5 hours), then back to cells devoid of necessities such as eating utensils, soap, towels, changes of clothing, toilet paper, a cup or adequate bedding (for 30 more hours). Plaintiff avers Lassen County sustained heavy snowfall that morning and prior night; and, while housed in the dining area the guards, who were wearing heavy winter coats, left all the doors to the outside open so that cold air rushed in. Plaintiff alleges they were confined in administrative segregation for 13 days thereafter without adequate blankets, sheets, adequate clothing or reading material.

Efforts to obtain legal representation without order of this court would be futile;

1. Plaintiff's income is 125 percent or less of the current poverty threshold established by the Office of Management and Budget of the United States and is otherwise without resources to obtain counsel;

2. This case is of a type that attorneys in this district ordinarily do not accept without prepayment of a fee;

3. This case is not a fee generating case within the meaning of California Business and Professions Code § 8030.4(g); and

4. This case has sufficient merit to warrant appointment pursuant to General Order No. 230.

Good cause appearing, the court will appoint counsel to represent plaintiff. In light of this appointment, defendants' February 28, 2007 and March 1, 2007 requests to vacate the scheduling order will be granted. Discovery will be reopened. It is likely that newly-appointed counsel will need to propound additional discovery. Accordingly, plaintiff's July 14, 2006 motion to determine the sufficiency of defendants' discovery responses and to compel proper answers to insufficient responses will be denied without prejudice.

In addition, counsel for state defendants shall provide plaintiff's counsel with redacted copies of the California Department of Corrections records provided for plaintiff's review by this court's October 11, 2005 order. Plaintiff's counsel is cautioned that this material is subject to a protective order and shall be used only in connection with the conduct of this litigation.

Therefore, this court orders as follows:

1. Anthony K. McClaren, Esq., 2729 16th Street, Sacramento, CA 95818, is appointed as attorney for plaintiff pursuant to General Order No. 230.

2. Counsel is directed to contact the Clerk's Office to make arrangements for copies of the file.

3. Counsel shall submit all deposition transcript costs for payment pursuant to § 8030.6 of the California Business and Professions Code.  All other contemplated costs shall be handled as described in General Order No. 230.

4. This case is set for status conference on July 12, 2007 at 11:00 a.m. in Courtroom #26.

5. The Clerk of the Court is directed to send Mr. McClaren a copy of this order, and a copy of General Order No. 230.

6. Within fifteen days from the date of this order, counsel for state defendants shall provide plaintiff's counsel with redacted copies of the California Department of Corrections records provided for plaintiff's review by this court's October 11, 2005 order.  These documents are subject to a protective order and shall be used only in connection with the conduct of this litigation.

7. Defendants' February 28, 2007 and March 1, 2007 requests to vacate the scheduling order are granted.

8. Plaintiff's July 14, 2006 motion to determine the sufficiency of defendants' discovery responses and to compel proper answers to insufficient responses is denied without prejudice.

9. Discovery is reopened.  A new scheduling order shall issue at the status conference.

DATED: March 5, 2007.

UNITED STATES MAGISTRATE JUDGE

/001; oate2006.31b

3